## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MARK FITZHENRY, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>vs.<br><br>ONE ON ONE MARKETING, LLC d/b/a DEGREE SEARCH, VIRGINIA COLLEGE, LLC, and EDUCATION CORPORATION OF AMERICA,<br><br>            Defendants. | Case No. __2:14-cv-04782-DCN__<br><br>CLASS ACTION COMPLAINT |

## CLASS ACTION COMPLAINT

### Preliminary Statement

Plaintiff, Mark Fitzhenry, individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

### NATURE OF ACTION

1.      Plaintiff, individually and as a class representative for all others similarly situated, brings this action against Defendants One on One Marketing, LLC d/b/a Degree Search, Virginia College, LLC, and Education Corporation of America (collectively referred to as "Defendants") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

### PARTIES

2.      Plaintiff, Mark Fitzhenry ("Plaintiff"), is, and at all times mentioned herein was, an individual citizen of the state of South Carolina, who resides in this District.

3.      Defendant, Education Corporation of America ("ECA"), is a Delaware corporation with its principal place of business in Alabama.  ECA does business in South Carolina and throughout the United States.

4.      Defendant, Virginia College, LLC ("Virginia College"), is an Alabama limited liability company with its principal place of business in Alabama.  Virginia College is registered to do and does business in South Carolina and throughout the United States.

5.      Defendant One on One Marketing, LLC d/b/a Degree Search ("Degree Search") is a Delaware corporation with a principal place of business in Utah.  Degree Search does business in South Carolina and throughout the United States.

<u>JURISDICTION AND VENUE</u>

6.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("hereinafter referred to as CAFA") codified as 28 U.S.C. 1332(d)(2).  The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of at least tens of thousands is entitled to up to $1,500 in statutory damages for each call that has violated the TCPA.  Further, Plaintiff alleges a national class, which will result in at least one Class member from a different state as that of Defendants.

7.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq.*

8.      This Court has personal jurisdiction over ECA through its solicitation of South Carolinians to attend its education institutions, thus purposefully availing itself to the resources and protection of the state of South Carolina.

9.      This Court has personal jurisdiction over Virginia College, LLC because it has submitted to South Carolina jurisdiction by registering with the Secretary of State to do business in the state, and a substantial part of the wrongful acts alleged in this Complaint were committed in South Carolina.

10.     This Court has personal jurisdiction over Degree Search because its conduct at issue in this case occurred in, among other locations, South Carolina, through its directing autodialed telemarketing calls into the state.

11.     Venue is proper in the this District pursuant to 28 U.S.C. § 1391 because Defendants are deemed to reside in this District, and Defendants' contacts with this District are sufficient to subject them to personal jurisdiction, as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

### THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

12.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

13.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service."  *See* 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

14.     On August 17, 2005, the Federal Communication Commission ("FCC") released a Declaratory Ruling wherein it confirmed that "a company on whose behalf a telephone solicitation is made bears the responsibility for any violations."  *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 20 F.C.C. R. 13664, 13667 (2005) (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. 227(b)).

15.     The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 F.C.C.R. 12391, 12397 (¶ 13) (1995).

16.     On May 9, 2013, the FCC released a Declaratory Ruling reaffirming that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of . . . section 227(b) . . . that are committed by third-party telemarketers." *See In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C.R. 6574, 6574 (2013).

## FACTUAL ALLEGATIONS

B.     **Factual Allegations Regarding Plaintiff**

1.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

2.     On September 19, 2014, Plaintiff received a telemarketing call on his cellular telephone, (843) XXX-XXXX, from, or on behalf of, Defendants.

3.     When Plaintiff answered the call, there was a click and a distinctive pause before the calling party came on the line, which indicated to him that the call was made using an automatic dialing system.

4.     The caller identified herself as Shauntel Smith of Degree Search and provided Plaintiff with the company's website, www.degreesearch.org.

5.     Defendant Degree Search owns and operates the website www.degreesearch.org.

6.     Ms. Smith informed Plaintiff that the call was for purposes of marketing Virginia College's education programs.

7.     During the telephone call, Ms. Smith informed Plaintiff that the call was made using an automatic dialing system.

8.     After speaking with Plaintiff, Ms. Smith transferred the call to Brian McFarlane at Virginia College.

9.      Mr. McFarlane provided Plaintiff with Virginia College's website, www.vc.edu.

10.     When asked about Degree Search, Mr. McFarlane informed Plaintiff that Degree Search is an outside call center working on behalf of Virginia College.

11.     On September 19, 20014, Plaintiff received another autodialed telephone call on his cellular telephone directly from Virginia College.

12.     When Plaintiff answered the call, there was a click and a distinctive pause before the calling party came on the line, which indicated to him that the call had been made using an automatic dialing system.

13.     The caller identified himself as Nate Dennis of Virginia College.

14.     During the call, Mr. Dennis informed Plaintiff that the call was made using an automatic dialing system.

15.     After terminating the call with Mr. Dennis, Plaintiff called the telephone number that Mr. Dennis had called him from.  The call connected to Virginia College's switchboard.

16.     Plaintiff inquired as to the position of Mr. Dennis and the Virginia College switchboard operator informed Plaintiff that Mr. Dennis makes calls on Virginia College's behalf.

17.     The facts in the preceding paragraphs indicate the calls were made using an automatic telephone dialing system ("ATDS") as defined in 47 U.S.C. § 227(a)(1).

18.     Plaintiff did not provide his cellular telephone number to Defendants.

19.     Plaintiff did not provide prior express written consent to receive ATDS generated and/or automated or prerecorded calls on his cellular telephone from, on behalf of, Defendants.

C.      **Factual Allegations Regarding Defendants**

1.      Defendants are responsible for making the above-described ATDS generated and/or automated or prerecorded calls to Plaintiff.

2.      Defendants have made a significant number of ATDS generated and/or automated or prerecorded calls to persons in South Carolina and throughout the entire United States.

3.      Defendants intend to continue to make similar ATDS generated and/or automated or prerecorded calls to persons on their cellular telephones in South Carolina and throughout the United States.

4.      Degree Search contracts with private educational institutions, including Virginia College and ECA, to engage in telemarketing on their behalf for purposes of obtaining to prospective students.

5.      Virginia College is a private education institution offering post-secondary education.

6.      ECA owns and operates various private educational institutions, including Virginia College.

7.      Virginia College and ECA rely on a series of third parties, including Degree Search, to provide prospective students to enroll in their education programs through telemarketing.

8.      Degree Search contacts consumers, including Plaintiff, on behalf of Virginia College and ECA through the use of autodialed calls, within the meaning of the 2008 FCC Declaratory Ruling.

9.      Degree Search has a contractual relationship with Virginia College and ECA that permits them to transfer prospective students directly to Virginia College's call center.

10.      Virginia College and ECA are legally responsible for ensuring Degree Search's telemarking activities comply with the TCPA, even if Virginia College and ECA do not make the calls themselves.

11.      The FCC concurs that sellers such as Virginia College and ECA may not avoid liability by outsourcing telemarketing because doing so "would leave consumers in many cases without an effective remedy for telemarketing intrusions." *See In re Joint Pet.*

*Filed by Dish Network, LLC*, CG Docket No. 11-50, 2013 WL 1934349, ¶ 37 (FCC May 9, 2013).

12.     Under the standards outlined in the FCC's order, and by other Courts interpreting that Order, Virginia College and ECA are directly liable to Plaintiff and class members as well as vicariously liable through theories of agency such as actual authority and ratification.

13.     Although Degree Search made the call to Plaintiff and took his information, Virginia College and ECA also participated in the call by setting the guidelines and parameters for the students that would be acceptable from Degree Search.

14.     Virginia College and ECA use lead generators to contact Plaintiff through the use of an ATDS.

15.     Virginia College and ECA direct the timing, geographic location, and volume of prospects Degree Search sent to them.

16.     Virginia College and ECA have ratified Degree Search's actions by accepting the benefits of Degree Search's activities through accepting prospective enrollees generated by Degree Search through its illegal telemarketing efforts.

17.     Unfortunately, Plaintiff's experience with Degree Search and Virginia College is not unique.  Many reports of telemarketing abuse may be found on the internet.  The following are three examples of complaints:

> I've been receiving a call from 205-259-2129 (Virginia College) every morning like clockwork for a month.  Yesterday I responded to the call and asked to be put on their do-not-call-list.  The phone voice said that would be done.  Got another call today.  I'll wait a bit longer.   I would like to know if there are any lawyers who specialize in class action suits against nuisance callers.   The government entities don't seem to be very effective thanks to the loop holes the politicians leave in the legislation.
> Anyone interested in pursuing a class action against uncontrolled solicitations?
> Mal
> Caller: Virginia College.

*See* http://800notes.com/Phone.aspx/1-205-259-2129/2 (last visited November 14, 2014).

> 23 Aug 2013
> Called back and a recording picks up and says its degree search and they'll try again later and to press 9 yo (sic.) not be contacted anymore. Don't know how they got my number but I already have a masters no more schooling for me.
>
> STOP CALLING!!!
> YOU ARE CALLING A "DO NOT CALL" #
> TO A DISABLED PERSON THAT ONLY USES PHONES FOR TEXT MESSAGES. WE DO NOT DESIRE ANOTHER DEGREE!
> YOUR HARRASSMENT (SIC) IS ABUSE THAT WILL BE IDENTFIED (SIC)...
> Caller: DEGREESEARCH

*See* http://800notes.com/Phone.aspx/1-925-221-2495 (Last Visited November 14, 2014).

18.    Despite receiving complaints, Virginia College and ECA continue to permit Degree Search to telemarket its goods and services using prerecorded messages.

19.    In participating in these calls (through the issuance of criteria), Virginia College and ECA have manifested an intent to accept the benefit of Degree Search's calling campaigns; including calls that were made by Degree Search on their behalf but that did not result in a prospect being sent to Virginia College.

20.    Because they accept the benefits of the calls made by Degree Search on their behalf, including enrolling new students at their institution, Virginia College and ECA cannot avoid the burden associated with the illegal telemarketing.

21.    Virginia College and ECA have knowingly and actively accepted business that originated through illegal telemarketing calls.

## CLASS ACTION ALLEGATIONS

22.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

23.    <u>Class Definition</u>.  Pursuant to CR 23(b)(2) and (b)(3), Plaintiff brings this case as a class action on behalf of a National Class as defined as follows:

> All persons in the United States to whom: (a) Defendants and/or a third party acting on Defendants' behalf, made one or more non-emergency telephone calls; (b) promoting Defendants' goods or services; (c) to their cellular telephone number; (d) through the use of an automated telephone dialing system or an artificial or prerecorded voice; and (e) at any time in the period that begins four years before the date of filing this Complaint to trial.

Collectively, all these persons will be referred to as "Class members." Plaintiff represents, and is a member of, the Class.

24.     Excluded from the Class are Defendants, and any entity in which the Defendants have a controlling interest, the Defendants' agents and employees, any Judge to whom this action is assigned, and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

25.     Numerosity. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes that the Class is so numerous that joinder of all members is impracticable. On information and belief, the Class has more than 1,000 members. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

26.     Commonality. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

a.     Whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to ta cellular telephone number using an ATDS or artificial or prerecorded voice;

b.     Whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice, thus enabling Plaintiff and members of the Class to treble damages;

c.     Whether Virginia College and ECA are vicariously liable for ATDS generated and/or automated or prerecorded calls made by Degree Search and/or other affiliates, agents, and/or other persons or entities acting on Virginia College and ECA's behalf;

d.     Whether Degree Search, acting on behalf of Virginia College and ECA, used an ATDS in its non-emergency calls to Class members' telephones;

e.     Whether the Defendants can meet their burden of showing they obtained consent (*i.e.*, written consent that is clearly and unmistakably stated), to make such calls;

f.     Whether the Defendants' conduct was knowing and/or willful;

g.     Whether the Defendants are liable for statutory damages; and

h.     Whether the Defendants should be enjoined from engaging in such conduct in the future.

27.     <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the Class.  Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

28.     <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions.  Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiff nor his counsel have interests that are contrary to or the conflict with those of the proposed Class.

29.     <u>Predominance</u>.  Defendants have engaged in a common course of conduct toward Plaintiff and members of the Class.  The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues. Adjudication of these common issues in a single action have importation and desirable advantages of judicial economy.

30.     <u>Superiority</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Defendants to comply with the TCPA.  The interest of individual members of the Class in individually controlling the prosecution of separate claims against Defendants is small because the damages in an individual action for violation of the TCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the class at issue are automated.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

31.     <u>Injunctive and Declaratory Relief Is Appropriate</u>.  Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.  Moreover, on information and belief, Plaintiff alleges that the automated calls made by Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf that are complained of herein are substantially likely to continue in the future in an injunction is not entered.

**CAUSES OF ACTION**

**FIRST COUNT**

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. §  227(b)(1)(A)**

**(Against all Defendants)**

32.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

33.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities action on Defendants' behalf constitute numerous and

multiple violations of the TCPA, 47 U.S.C. § 227(b)(1(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class using an ATDS and/or artificial or prerecorded voice.

34.     As a result of the Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Class presumptively are entitled to an award of $500 in statutory damages for each and every call to their cellular telephone numbers using and ATDS and/ or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

35.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting the Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 46 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

36.     Plaintiff and members of the Class are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)(1)(A)

### (Against all Defendants)

37.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

38.     The foregoing acts and omissions of the Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class using an ATDS and/or artificial or prerecorded voice.

39.     As a result of the Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Class are entitled to treble damages of up to $1,500 for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

40.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded in the future.

41.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of the members of the Class, prays for judgment against the Defendants as follows:

A.     Injunctive relief prohibiting such violations of the TCPA by the Defendants in the future;

B.     As a result of the Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500 for each and every call that violated the TCPA, to be paid jointly and severally by the Defendants as a group;

C.     As a result of Defendants' statutory violations of 47 U.S.C. § 227(b), Plaintiff seeks for himself and each Class member $500 in statutory damages for each and every call that violated the TCPA, to be paid jointly and severally by the Defendants as a whole;

D.     An award of attorneys' fees and costs to counsel for Plaintiff and the Class, to be paid jointly and severally by the Defendants as a whole;

E.      An order certifying this action to be a proper class action pursuant to Federal Rule

of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems

appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the

lawyers and law firms representing Plaintiff as counsel for the Class; and

F.      Such other relief as the Court deems just and proper.

By Counsel for Plaintiff:

s/ Lance S. Boozer
Lance S. Boozer (Fed ID# 10418) (SC Bar# 75803)

December 18, 2014

**PLAINTIFF'S COUNSEL:**
Lance S. Boozer
The Boozer Law Firm, LLC
807 Gervais Street, Suite 203
Columbia, SC 29201
803-608-5543
lsb@boozerlawfirm.com

Edward A. Broderick
Anthony Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA  02110
(617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com
*Subject to Pro Hac Vice*

Matthew P. McCue, Esq.
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
(508) 319-3077 *facsimile*
mmccue@massattorneys.net
*Subject to Pro Hac Vice*

Beth E. Terrell
Mary B. Reiten
Terrell Marshall Daudt & Willie PLLC
936 North 34th Street, Suite 300
Seattle, WA 98103
(206) 816-6603
(206) 350-3528 *facsimile*
bterrell@tmdwlaw.com
mreiten@tmdwlaw.com
*Subject to Pro Hac Vice*